**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAUL ESCOLASTICO,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN OF FCI FT. DIX,<br><br>              Respondent. | Civil Action No. 23-3608 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Raul Escolastico pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed responses to the petition (ECF No. 6), to which Petitioner did not respond. For the following reasons, the petition is denied without prejudice.

I. **BACKGROUND**

Petitioner is a convicted felon currently serving a forty-two month prison term arising out of his illegal reentry into the United States. (ECF No. 6-1 at 2.) As Petitioner has already been removed from the United States on multiple occasions, the Government reinstated his previously issued final order of removal in August 2020. (*Id.* at 2-3.) In June 2021, Petitioner expressed his desire not to contest his re-removal. (*Id.* at 4.) As Petitioner's previous order of removal was reinstated, and Petitioner did not seek to challenge that reinstatement, Petitioner is clearly subject to a final order of removal. (*See id.* at 19.)

On July 5, 2023, Petitioner filed his current habeas petition, in which he contends that he has been improperly denied credits under the First Step Act based solely on an immigration detainer without an accompanying removal order. (ECF No. 1.) In his habeas petition, petitioner admitted he had not exhausted his administrative remedies, but that he believed he should be exempt in any event. (ECF No. 1-1 at 1; ECF No. 1 at 3.) The Government filed opposition to the motion, in which the Government now argues that Petitioner is ineligible for credits under the Act as he is subject to a reinstated removal order, and that Petitioner's petition must in any event be dismissed without prejudice for lack of exhaustion. (ECF No. 6.) Petitioner did not file a reply.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his current petition, Petitioner requests that this Court order the BOP to provide him with credits under the FSA which he believes he is being improperly denied solely because of an immigration detainer lodged against him. The Government denies this claim, arguing that Petitioner is instead ineligible because he is currently the subject of a removal order reinstated back in 2020. While the First Step Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is

2

the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits. *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023). As Petitioner's prior final removal order was reinstated against him in 2020, and Petitioner did not oppose that reinstatement, he is clearly subject to a final removal order, and not just an immigration detainer, and he is therefore clearly ineligible to earn or apply any credits under the statute. Petitioner's habeas petition is thus clearly without merit.

Even had Petitioner's habeas petition been of greater merit, however, this Court would still be unable to provide Petitioner with relief as he did not even try to exhaust his administrative remedies before filing this matter. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). As Petitioner did not attempt to exhaust his claims, and as exhaustion would not have been futile and in fact clarified to Petitioner the actual basis for his ineligibility had he pursued exhaustion prior to filing suit, this Court would be barred from providing Petitioner with relief even had his habeas petition been of some merit.

3

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

4